**UNITED STATES of America,**
**Plaintiff,**

**v.**

**CITY OF NEW YORK, a Municipal Corporation, Tillie Grossman, Sally Grossman, Nathan Goldstein and Hyman Klein, Defendants.**

United States District Court
S. D. New York.
Dec. 12, 1955.

**30**

Paul W. Williams, U. S. Atty., New York City, Morton S. Robson, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Liebowitz, Cobert & Deixel, New York City, for respondents, Tillie Grossman, Sally Grossman and Eugene O. Cobert.

SUGARMAN, District Judge.

In an action commenced under 26 U.S. C.A. § 3678 (1939) and 28 U.S.C.A. § 1655, the plaintiff seeks relief "[t]hat the claims of the United States of America, Tillie Grossman, Sally Grossman, Nathan L. Goldstein and Harry Klein against the sum of $9,176.81 held by the City of New York be adjudicated and that the priority rights of the respective claimants to said sum be determined; * * *".

Delinquent income tax returns were filed by Samuel Grossman in 1947 in the amount of $5,150.74 for the years 1944, 1945 and 1946. On or shortly prior to June 30, 1947, assessment lists covering these taxes were received by the Collector of Internal Revenue.[1] At that time, Grossman was the owner, as tenant by the entirety with his wife, defendant Tillie Grossman, of certain real property in New York City. On December 22, 1947 the realty was transferred to defendants Tillie Grossman and Sally Grossman, the daughter of Samuel and Tillie. In 1953 the City of New York took the property by condemnation and an award of $20,400 was made to the then owners of record, Tillie and Sally Grossman by final decree of the Supreme Court of the State of New York on August 25, 1953. On September 3, 1953 the District Director of Internal Revenue filed a notice of lien and levy on the City of New York against the award.

On February 19, 1954 an action to impress a constructive trust on the fund was commenced in this court by the United States against the City of New York and Tillie and Sally Grossman, wherein an *ex parte* attachment was procured by plaintiff. It was later vacated by court order. That action was subsequently voluntarily dismissed.

On November 6, 1954 the instant action was begun against the above-named defendants by the United States for the relief hereinabove set forth. Service of process was effected on defendant City of New York on November 8, 1954 and on

1. See United States v. City of New York, D.C.S.D.N.Y., 134 F.Supp. 374.

defendant Tillie Grossman on December 6, 1954. Defendant Sally Grossman appeared herein by her counsel. It is not indicated that the other defendants were served or appeared.

On January 27, 1955, the defendant City of New York disbursed the fund which was the subject matter of the action to Sally Grossman individually and as attorney in fact for her mother, Tillie Grossman. A member of the firm of attorneys who appeared for the defendants Tillie and Sally Grossman took part in the negotiations whereby the fund was disbursed and received part of the proceeds as a fee.

On the above facts, the plaintiff United States moves for an order (1) that Tillie Grossman, Sally Grossman, their attorney and the City of New York "be punished as and for a contempt of this court, in that they knowingly removed or assisted in removing from the jurisdiction of this Court, the fund which is the subject matter of the instant suit"; (2) that Tillie Grossman, Sally Grossman, their attorney and Nathan Goldstein (another defendant) "pay into the Treasury of the Court, pending final disposition of this action, that portion of the fund which was received by each of them"; (3) pursuant to F.R.Civ.P. 12 (f), 28 U.S.C.A. striking the affirmative defense set forth in the answer of the City of New York.

■ As to the first branch of the plaintiff's motion that Tillie Grossman, Sally Grossman, their attorney and the City of New York "be punished as and for a contempt of this court, in that they knowingly removed or assisted in removing from the jurisdiction of this Court, the fund which is the subject matter of the instant suit", this court lacks jurisdiction to grant such order.

■ The power of this court to punish for contempt is limited to three cate-gories and *none other*,[2] i. e., (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) misbehavior of any of its officers in their official transactions; (3) disobedience or resistance to its lawful writ, process, order, rule, decree or command. The act of the City of New York in disbursing the fund and of Tillie Grossman, Sally Grossman and their attorney in accepting it, is obviously not (1) misbehavior of any person in the presence of the court or so near thereto so as to obstruct the administration of justice; or (2) misbehavior of any officer of the court in an official transaction. Nor is it (3) disobedience or resistance of any lawful writ, process, order, rule, decree or command of this court, because no order was heretofore obtained in any wise impounding the fund in question. Accordingly, the motion insofar as it seeks an order holding the said persons in contempt, is denied.

■ The second branch of the motion, which seeks an order that Tillie Grossman, Sally Grossman, their attorney and Nathan L. Goldstein "pay into the Treasury of the Court, pending final disposition of this action, that portion of the fund which was received by each of them", is likewise denied.

The jurisdiction to make any such order, if it exists at all, must stem from 26 U.S.C.A. § 3800 (1939).[3] That section vests in the court power to make and issue such writs and orders "as may be necessary or appropriate for the enforcement of the internal revenue laws".

The collection of delinquent taxes is provided for under a definite statutory scheme involving (1) the establishment of a lien for unpaid taxes[4] followed by (2) civil action to enforce such lien[5] and (3) distraint.[6]

The collector (and his successors) enjoy many powers for the summary collec-

2. 18 U.S.C.A. § 401.

3. This suit, having been commenced on November 6, 1954, is governed by the Internal Revenue Code of 1939 by virtue of 26 U.S.C.A. § 7851(a) (6) (B) (1954).

4. 26 U.S.C.A. § 3670 (1939).

5. 26 U.S.C.A. § 3678 (1939).

6. 26 U.S.C.A. § 3690 (1939).

**32**

tion of past due taxes.[7] In the light of these powers it does not appear that the order here sought is either "necessary or appropriate". This seems particularly so where, as here, the dispute as to the rights of the various parties to the fund still remains undetermined. In the absence of statutory fiat for the interlocutory indemnity sought, it will not be judicially assumed.

Finally, as to the third branch of the motion that the City's affirmative defense be stricken, the same is granted. In essence this defense pleads that the payment of the fund by the City on January 27, 1955 to Tillie Grossman and Sally Grossman was made in good faith. The City does not deny that a lien against the award was duly filed and remained with the City from September 4, 1953. The City cannot escape responding to that lien, if it is established, by pleading that it mistook the vacatur of the attachment in the earlier suit for a discharge of the lien.

It is so ordered.